LEE et v· FIKE

Ohio Appeals, 9th Dist., Summit Co.

No. 81. Decided Feb. 17, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

389. DESCENT AND DISTRIBUTION—367. Deeds—997. Real Estate—889. Partition—79. Ancestral Property.

1. The recital of a pecuniary consideration in a deed from an ancestor to an heir, cannot be varied or explained for the purpose of changing the line of descent of the property conveyed.

2. Where the owners of an estate, acquired by descent and held in common, partition the same by an interchange of mutual releases in the form of quit-claim deeds, and there is no element of bargain and sale in the transaction, no new title is cast by such deeds; and if the deeds recite a pecuniary consideration, evidence to disprove such recital is competent.

Appeal from Common Pleas.

Decree for plaintiff.

D. B. Wolcott, Kent, for Lee et.

Weiser & Weimer and Grant Goshom, Wooster, for Fike.

STATEMENT OF FACTS.

From the agreed statement of facts, it appears that Duncan Williams was the owner of a tract of land designated as tract A, and of 78 acres in another tract of 149 acres designated as tract B. He was also the owner of an undivided one-half interest in the remaining 71 acres in tract B. The other undivided half was owned by his son, Guy Williams. Duncan Williams had another son, named Park Williams.

The first mentioned son, Guy Williams, died leaving his wife, Jessie A. Williams, and two children, who are now Mary J. Lee and Asenath Whitmore, the plaintiffs in this action. After the death of Guy Williams, Duncan Williams, the father, died intestate, leaving surviving him the son Park Williams, and the two grandchildren, and owning said tract A, and 78 acres in tract B and an undivided half of 71 acres in tract B.

A short time after the death of Duncan Williams, his grandchildren, the plaintiffs, and their mother, by quit-claim deed, conveyed their interest in tract A to Park Williams, and at the same time, Park Williams and his wife, by quit-claim deed, conveyed their interest in tract B to plaintiffs; Jessie A. Williams joining in said deed and thereby conveying to plaintiffs her dower interest in the undivided one-half of the 71 acres in tract B which her husband, Guy Williams, had owned in common with his father, Duncan Williams.

Only the title to tract A is involved in this suit, and in the deed of that tract it is recited that:

"The interest hereby intended to be conveyed in and to the above described parcel of land is such interest as said grantors have in and to said lands as heirs at law of the estate of Duncan Williams, late of Homer Township, County of Medina, Ohio, deceased."

and in both deeds; that of tract A and that of tract B, the grantors are named as "heirs at law of the estate of Duncan Williams, deceased."

In each of said deeds, the consideration is declared to be "for divers good causes and considerations thereunto moving, especially for the sum of $5000," and it is agreed that one witness, if her testimony were competent, would testify that the two deeds were executed contemporaneously; that no money passed between the parties; and that both tracts were substantially of equal value. Defendant objected to such testimony solely on the ground that such evidence was incompetent to qualify the recitals of consideration set forth in the deeds, but cannot disprove such evidence.

Park Williams died intestate, without issue surviving him, but leaving Ella Williams, his widow, surviving him, and owning tract A. Ella Williams was afterwards intermarried with the defendant, Emery Fike. At her death, she devised all of her real estate, by will, to defendant Emery Fike, who is her surviving husband. In this action it is claimed that tract A came to Park Williams as ancestral property, and, subject to the life use of the widow, descended to the plaintiffs as the heirs of Park Williams who was their uncle, and it is asked that the title to tract A be quieted as against Emery Fike, who is the surviving husband of the former wife of Park Williams.

It is conceded that one half of tract A is ancestral property, by virtue of 8573 GC. and belongs to plaintiffs, and it is also conceded that if Park Williams acquired title to the other one-half of tract A by descent, then the whole of tract A belongs to the plaintiffs; but that if Park Williams acquired title to one-half of tract A by purchase, then that one-helf belongs to the defendant, Emery Fike.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

WASHBURN, PJ.

The solution of the problem presented by this case, depends upon whether the one-half of tract A, which was admittedly ancestral property, was changed to non-ancestral property by the quit-claim deed which the plaintiffs gave to Park Williams, and which, on its face, purports to be given for "divers good causes and considerations" and especially for a consideration of $5000; and that solution depends in turn upon whether or not the aforementioned evidence was competent to show that said deed was not a deed of purchase but that the transaction of which said deed was a part, was an amicable partition of an estate theretofore held in common by the parties to said transaction, and for which there was no consideration other than the mutual release of the parties to such transaction.

The law applicable to this situation is stated by the Supreme Court as follows:

"3. When partition is made by mutual releases, they should be read and construed together, in the light of the circumsatnces attending their execution; and it is competent to show that their only purpose was to accomplish the partition, and no other consideration passed between the parties, though a pecuniary consideration be expressed in the deeds." Carter et v. Day et, 58 OS. 96.

As we read the cases, the principle announced in the foregoing cases, is approved in Groves v. Groves, 65 OS. 442; Shehy v. Cunningham, 81 OS. 289 and Huseman v. Fingermeyer, 106 OS. 113.

We consider the rule to be settled that while, for some purposes, a consideration named in a deed may be open to explanation by parol proof, such evidence is, as a general rule, incompetent where its effect is to vary the operative words of the deed.

But we consider it to be just as well established in Ohio that even if deeds between tenants in common, conveying ancestral property, purport to be made upon a money consideration, it may be shown by parol evidence that

the transaction was in fact an amicable partition, that no money consideration passed, and that there was no consideration other than the mutual releases to the parties.

We are of the opinion that the evidence in the case at bar, showing that in the transaction in question there was no consideration other than the mutual releases of the parties, was competent, and that the fact that the description of the premises in the deed of tract B included the undivided half of 71 acres formerly owned by Guy Williams, is not important; the circumstances clearly indicate the reason therefor, and in no sense did it constitute a consideration in the transaction.

We find that the evidence, together with all the circumstances, establishes the fact to our satisfaction that the transaction by which Park Williams acquired a one-half interest of tract A was not a bargain and sale, but was an amicable partition, by which the title which he acquired by descent from an ancestor, was not changed, and that his title in the one-half of tract A remained the same as that by which his undivided interest in the land was held.

It follows that the decree should be the same as in the court below, in favor of the plaintiffs. (Funk, J., and Pardee, J., concur.)